LEWIS LEWIS, Appellant, v. J. T. BATEMAN and BENJAMIN BATES, Respondents.

No. 1464.    (73 Pac. 509.)

1.  Schools and School Districts:  Power of Trustees:  Use of School House for Dances.

Under Revised Statutes 1898, section 1822, providing that the school trustees may permit a school house when not occupied for school purposes, to be used for any purpose which will not interfere with the seating or other furniture, the trustees of the school district have no right to permit the schoolhouse to be used for public and private dances, which use necessitates the removal of the desks from the rooms.

2.  Same:

The trustees of a school district have no right to permit the schoolhouse to be used for public and private dances, inasmuch as such conduct would be a misappropriation of trust property, and opposed to the principle that the sovereignty can not tax for private purposes.

(Decided August 15, 1903.)

Appeal from the Fourth District Court, Utah County.— *Hon. Thomas Marioneaux,* Judge.

Action against the defendants, as trustees of the Alpine school district, to restrain them from permitting the public schoolhouse, the property of the district, to be used for public and private dances.   From a judgment in favor of the defendants, the plaintiff appealed.

REVERSED.

*J. W. N. Whitecotton, Esq.,* for appellant.

*M. M. Warner, Esq.,* and *D. D. Houtz, Esq.,* for respondents.

### STATEMENT OF FACTS.

The plaintiff, who is a resident and taxpayer in the Alpine school district, Utah county, commenced this action against two of the school trustees of said district to restrain them from permitting the public schoolhouse, the property of the district, to be opened to and used for public and private dances.  The complaint, in part, alleges that the seats in the schoolhouse are securely fastened to the floor by means of screws, and that the defendants, as trustees, threaten to open the schoolhouse and permit the same to be used as a dance hall for public and private dances, and, in order to render the rooms and floors convenient for dances, threaten to permit the seats in the schoolhouse to be taken up and temporarily removed therefrom, thereby interfering with the seating of the schoolhouse; that R. N. Bennett, the third trustee of said school district, is not made a party defendant because he is not co-operating in the wrongs complained of.  The defendants, by their answer, ''admit that they threaten to open said schoolhouse and permit the same to be used for said dances by the young people of the school district, and admit that they have threatened and that it is their intention to temporarily remove the seats in said schoolhouse for said purpose.''  One of the defendants testified at the trial as follows: ''If we should have a dance in this hall [referring to one of the rooms in the schoolhouse], we propose to stack the seats up in the east end of the hallway, inside the building upstairs, outside the room, and in one of the anterooms—to stack them up there one above the other.  . . .  The seats are built with ink wells, and we propose to just leave the ink wells in their place.''  The record shows that, when the desks are slightly tipped, ink spills from the inkstands on the desks, and that it would be a difficult matter to remove the seats from the rooms where they are fastened without spilling the ink from the inkstands. The court found the facts in the case substantially as alleged in the complaint and admitted in the answer, and

further found that the schoolhouse mentioned "is necessarily and regularly used during the daytime for school purposes." The court entered judgment for the defendants, and dismissed plaintiff's complaint, from which judgment he appeals to this court.

McCARTY, J.—After stating the facts, delivered the opinion of the court.

The only question involved in this case is, have the trustees of a school district the legal right and power to permit a public schoolhouse, which is the property of such district, and which is used for school purposes, to be used for holding public and private dances—a use which is in no way connected with the school, and which would not promote or advance its interests, but, on the contrary, the effect if any, would necessarily be inimical and detrimental to schools? Section 1822, Revised Statutes, 1898, provides that the school board (trustees) "may permit a schoolhouse, when not occupied for school purposes, to be used for any purpose which will not interfere with the seating or other furniture or property; and shall make such charges for the use of the same as they may decide to be just; but for any such use or privilege the district shall not be at any expense for fuel or otherwise." Respondents contend that, under the foregoing provisions of the statute, they, as trustees, are authorized and given the power to permit the schoolhouse to be used for public and private dances, and to have the seats and other furniture that would interfere with the use of the house for such purpose removed from the rooms. That is, they claim the right, and it is their intention, to convert a part of the building into a dance hall; the school to occupy it during the day, and the dances at night. The private use which it is thus proposed to make of this public school building is unauthorized and contrary to public policy, as it would in effect be a misappropriation of trust property (Scofield v. Eighth School Dist., 27 Conn. 499), and it would also be opposed to the principle that

the sovereignty can not tax its citizens for private purposes. It must be conceded that neither the State, nor any political subdivision thereof, could legally levy and collect a tax for the purpose of building a dance hall, and, should such a thing be attempted, any taxpaper whose property would be subject to such a tax could bring an action in a court of equity and restrain its collection. This being so, it necessarily follows that a board of trustees have no right, and it would be in violation of their sworn duty for them, as is proposed in this case, to, in effect, convert a public school building into a public and private dance hall. In the case of Spencer v. Joint School Dist., 15 Kan. 259, 22 Am. Rep. 268, Justice Brewer, speaking for the court, says: "The public schoolhouse can not be used for any private purpose. The argument is a short one. Taxation is invoked to raise funds to erect the building, but taxation is illegitimate to provide for any private purpose. Taxation will not lie to raise funds to build a place for a religious society, a political society, or a social club. What can not be done directly can not be done indirectly. As you may not levy taxes to build a church, no more may you levy taxes to build a schoolhouse and then lease it for a church. Nor is it an answer to say that its use for school purposes is not interfered with, and that the use for the other purpose makes little, perhaps no immediately perceptible, injury to the building, and results in the receipt of immediate pecuniary benefit." School Dist. No. 8 v. Arnold, 21 Wis. 665. Not only would the proposed use of the school building be opposed, as above stated, to public policy, but in direct violation of the provisions of the statute under which the defendants attempt to justify and defend their course. As will be noticed, that statute provides that the trustees may permit a schoolhouse to be used for any purpose which will not interfere with the seating or other furniture. The record shows, and the court, in effect, found, that in order to use the building for dancing purposes the seats must be removed from the rooms

in which the dances are held.   It is difficult to conceive how it would be possible to make a greater interference with the seating of the schoolhouse than that proposed by the trustees in this case.

The case is reversed, with directions to the trial court to set aside the judgment, and to enter judgment in favor of appellant in accordance with the views herein expressed; the costs of this appeal to be taxed against respondents.

BASKIN, C. J., and BARTCH, J., concur.